UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYTRUCK COMPANY, LLC a Florida LLC,

    Plaintiff,

-vs-                                            Case No. 2:09-cv-267-FtM-99SPC

SIKORSKY AIRCRAFT CORPORATION a
Connecticut corporation, and POLSKIE ZAKLADY
LOTNICZE

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD by Plaintiff, Skytruck Company, LLC ("Skytruck"), Defendant, Sikorsky Aircraft Corporation ("Sikorsky"), and Third-Party, Sierra Nevada Corporation ("SNC"), by and through their undersigned counsel, that pursuant to the November 6, 2009 Subpoena ("Subpoena") served by Skytruck on SNC, SNC has been required by order of the United States District Court for the District of Colorado to produce documents and information by July 1, 2010 which may be confidential or commercially sensitive in nature and that public disclosure of such information could be detrimental to SNC's interests. Similarly, such confidential or commercially sensitive information may potentially be disclosed by written discovery, deposition testimony (to the extent taken), evidence introduced at trial or in other filings with the Court. Skytruck, Sikorsky and SNC accordingly submit this Stipulated Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

1. SCOPE. This Stipulated Protective Order shall apply to all information and

materials provided or produced by SNC, whether written, oral, contained in documents or transcripts, or in any other form, which has been designated "Confidential" in accordance with Paragraphs 2 and 3 below.

2. DEFINITION OF CONFIDENTIAL INFORMATION. SNC may designate as "Confidential" such information and materials produced by it, which SNC has determined constitutes, contains or reflects proprietary, trade secret or commercially sensitive information, that is not generally known and/or which SNC would not normally reveal to the public.

3. DESIGNATION. SNC may designate as Confidential any documents or other tangible things by (i) marking every page of such item Confidential, or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential. SNC may designate deposition or other testimony provided by SNC as Confidential by any one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential within 10 days after receipt of the transcripts.

4. USE OF CONFIDENTIAL INFORMATION. Confidential documents and information shall not be disclosed or communicated in any fashion nor be used for any purpose other than preparing for and conducting this litigation, as provided for in this Stipulated Protective Order. However, nothing in this Stipulated Protective Order shall prevent SNC from disclosing or using its own Confidential information as it deems appropriate, and any such use shall not be deemed a waiver of SNC's rights or obligations under this Stipulated Protective Order with respect to any Confidential information, unless SNC's use demonstrates that SNC has ceased treating such

documents or information as Confidential. In addition, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by any party of documents obtained by such party independently of SNC even if SNC has designated the document as Confidential pursuant to this Stipulated Protective Order.

5. <u>RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION.</u>

(A) Except with the prior written consent of SNC or its counsel, or upon prior order of this Court obtained upon notice to SNC's counsel, access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing Confidential information shall be limited to:

(1) Counsel of record for the parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

(2) The parties to this action, their representatives, employees and agents, including in-house counsel;

(3) Outside witnesses, potential witnesses, consultants, and/or experts, subject to the provisions of Paragraph 7 below;

(4) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

(5) The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

(6) Court reporters or stenographers who record deposition or other testimony in the litigation;

(7) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

(8) Any other person whom SNC agrees to in writing.

(9) Jurors.

6. <u>ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION</u> Skytruck's and Sikorsky's counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make Confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing Confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, Skytruck's and Sikorsky's counsel shall obtain from the witness, consultant or expert, a signed and dated statement substantially in the form of Appendix "A" to this Stipulated Protective Order, to the effect that the person has read this Stipulated Protective Order, agrees to bound by its terms, and consents to the jurisdiction of the United States District Court for the Middle District of Florida for the purposes of enforcing the Stipulated Protective Order. If a witness refuses to provide a signed and dated statement, counsel shall attempt to obtain the witnesses' consent not to disclose any Confidential document or information on the record. If the witness refuses to provide his or her consent on the record, Skytruck's and Sikorksy's counsel shall immediately notify SNC"s counsel via telephone, prior to showing the witness any Confidential document or information, and attempt to meet and confer regarding counsel's intended use of any Confidential information with the witness.

7. <u>DEPOSITIONS</u>. To the extent depositions occur in this case, persons may be deposed regarding the Confidential information produced by SNC and of which they have knowledge. All transcripts of these depositions and any other deposition containing Confidential information will be treated in accordance with this Stipulated Protective Order. Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding Confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 7. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing Confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

8. <u>DISPUTES CONCERNING DISCLOSURE OF DOCUMENTS</u>. If any party to this Stipulated Protective Order objects to the designation of any information as Confidential or there is a dispute concerning the disclosure of Confidential information to the person(s) designated by the parties, the party having the objection or dispute shall first state the objection or issue by letter to the party that made such designations. The parties agree to meet and confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Stipulated Protective Order. If the parties are unable to resolve such a dispute, the dispute shall be submitted to the Court. In any such proceeding, the designating party shall have the burden of establishing that the disputed documents or information is "Confidential" as defined in Paragraph 2 above. No disclosure of any document or information in dispute shall be made pending resolution of the dispute.

9. FILING WITH THE COURT. All discovery materials filed with the Court or offered in evidence at trial which contain Confidential information, and any pleading, brief or memorandum purporting to quote, reproduce, or paraphrase Confidential information, shall be endorsed CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER. No document filed with the Court or offered in evidence at trial shall be sealed by the Court, and no party or non-party shall file, submit for filing or offer as evidence as part of the court record any documents under seal, absent a court order or without first obtaining leave of court. Notwithstanding any agreement among the parties, including this Stipulated Protective Order, the party seeking to file or offer in evidence a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

10. DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION. Upon the final determination of this action, whether by award or judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as "Confidential" and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall either be (i) promptly returned to SNC's counsel, (ii) destroyed with confirmation to SNC"s counsel, or (iii) disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made. The final determination of this action shall not terminate the limitations on use and disclosure contained in this Stipulated Protective Order.

11. <u>AMENDMENT AND MODIFICATION</u>. This Stipulated Protective Order may be amended by the written agreement of counsel for the parties submitted to and approved by the Court in this case. Nothing in this Stipulated Protective Order shall preclude any party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

12. <u>JURISDICTION AND ENFORCEMENT</u>. Any person to whom documents or information designated as "Confidential" are disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order. This jurisdiction shall survive the termination of this action. Any party or person subject to this Stipulated Protective Order who violates its provisions shall be liable for damages for any injuries or loss suffered by SNC as a result of such violation.

**DONE AND ORDERED** at Fort Myers, Florida, this 23rd day of June, 2010.

_____
GUSTAVE J. DiBIANCO
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

## APPENDIX "A"

I,_____, have read the Stipulated Protective Order filed in Case No. 2:09-cv-00267-CEH-SPC, and agree to be bound by its terms. If, in the course of this litigation, I am asked to read, review or comment upon any document or material that is designated "Confidential," I shall not disclose or communicate in any fashion nor use for any purpose other than preparing for or participating as a consultant or witness, the contents of such Confidential information. I further consent to the jurisdiction of the United States District Court for the Middle District of Florida for the purposes of enforcing the Stipulated Protective Order.

_____
PRINT NAME

_____
SIGNATURE

_____
DATE