UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYTRUCK COMPANY, LLC  a Florida LLC,

          Plaintiff,

-vs-                                      Case No.  2:09-cv-267-FtM-99SPC

SIKORSKY AIRCRAFT CORPORATION a
Connecticut corporation, and POLSKIE ZAKLADY
LOTNICZE

          Defendants.
_____

**<u>ORDER</u>**

This matter comes before the Court on the Plaintiff, Skytruck Company, LLC.'s Motion to Reconsider Magistrate's Denial of Skytruck's Right to Trial by Jury (Doc. #162) filed on June 9, 2011.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. <u>Carter v. Premier Restaurant Management</u>, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing <u>American Ass'n of People with Disabilities v. Hood</u>, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct  clear error or prevent manifest injustice." <u>Susman v. Salem, Saxon & Meilson, P.A.</u>, 153 F.R.D. 689, 904 (M.D. Fla. 1994).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." <u>Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the

reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

On May 13, 2011, the Court granted the Defendant's Motion to Strike the Defendant's Demand for a Jury Trial (Doc. # 155). As grounds to strike the jury trail demand the Court noted that all counts with the exception of the remaining count for unjust equity were dismissed by the District Court. Thus, the Court struck the jury demand because unjust enrichment is a claim in equity, and equity claims are tried before the bench. The Plaintiff states that the Court erred as a matter of law by striking its claim for a jury trial on the sole issue of unjust enrichment because in Federal Court unjust enrichment is tried as a matter of law and not equity.

As grounds, The Plaintiff cites to Tull v. United States, 481 U.S. 412, 417, 107 S. Ct. 1831, 95 L. Ed. 2d 365 (1987), stating "[t]he Seventh Amendment provides that, '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved. . . .'" However, contrary to the Plaintiff's position the Supreme Court's next two sentences refute the Plaintiff's position. The Supreme Court continued stating:

> The Court has construed this language to require a jury trial on the merits in those actions that are analogous to "Suits at common law." Prior to the Amendment's adoption, a jury trial was customary in suits brought in the English *law* courts. In contrast, those actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial.

Id.

Thus, actions that are brought solely on the grounds of equity, are not tried to a jury in Federal Court but before the court. Id. ;Goldberg v. Chong, 2007 WL 2028792 * 10 n.9 (S.D. Fla. July 11, 2007) (noting that unjust enrichment claims are equitable claims that must be heard by the court and not a jury).

The Plaintiff also cites to a litany of cases in which courts tried unjust enrichment claims before a jury. However, all of the unjust enrichment claims in those cases involved other claims in addition to the unjust enrichment claim, just as this case did prior to the District Court dismissing those charges. None of the cases cited by the Plaintiff stand for the proposition that an unjust enrichment claim is a matter of law to be tried by a jury in Federal Court.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Skytruck Company, LLC.'s Motion to Reconsider Magistrate's Denial of Skytruck's Right to Trial by Jury (Doc. #162) is **DENIED**. The Court **AFFIRMS** its previous ruling (Doc. # 155) that the case should be tried before the Court and not a jury.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of June, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record