UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKYTRUCK COMPANY, LLC  a Florida LLC,

        Plaintiff,

-vs-                                                         Case No.  2:09-cv-267-FtM-99SPC

SIKORSKY AIRCRAFT CORPORATION a
Connecticut corporation, and POLSKIE ZAKLADY
LOTNICZE

        Defendants.
_____

**ORDER**

This matter comes before the Court on the Defendant PZL's Motion to Compel the Deposition of Skytruck's Project Director for Poland and Alternative Motion to Extend Trial Deadlines (Doc. #181) filed on August 10, 2011; and the Defendant Sikorsky Aircraft Corporation's (Sikorsky) Motion to Compel the Deposition of the Plaintiff's Project Director for Poland (Doc. # 182) filed on August 11, 2011.[1]  The Plaintiff Skytruck filed its Response in Opposition to Both Motions (Doc. # 186) on August 24, 2011.  The Motions are now ripe for the Court's review.

The Defendants, PZL and Sikorsky, move the Court to compel the deposition of Janusz Chojecki or to prevent the Plaintiff from using the testimony of Chojecki during the trial.  Chojecki was listed as a potential witness for the Plaintiff Skytruck in its initial Rule 26 disclosures.  The Defendants now move the Court to compel his deposition.

---

[1] The Defendant Sikorsky adopted and joined in PZL's Motion to Compel the Deposition of Janusz Chojecki

As grounds to compel the deposition, the Defendants state that Chojecki is listed as one of the minority members of Skytruck's LLC, he is Skytruck's Polish representative, Chojecki was responsible of virtually all direct communications between the Plaintiff and PZL and that Chojecki is represented by Skytruck's counsel. As such, the Defendant states that Chojecki is an essential witness and must be deposed by the Defendant in order to prepare for the upcoming trial.

The Plaintiff responds that Chojecki is no longer affiliated with Skytruck and is merely a private Polish citizen subject to service under international law. The Plaintiff further notes that the Defendants had Chojecki's name from the initial Rule 26 disclosures and never attempted to notice him for deposition prior to the expiration of the discovery deadline. Instead, the Plaintiff claims the Defendants waited hoping to depose Chojecki at the same time as the Plaintiffs, however, the Plaintiff never deposed Chojecki. Thus, the Plaintiff states that no good cause exists to compel the deposition of Chojecki unless the Defendants wish to pay for his expenses to travel from Poland to Florida or to depose him in Poland at their own expense. In the alternative, the Plaintiff states that in the event they call Chojecki as a witness in this trial, the Defendants may depose him at the Plaintiff's expense for travel when they bring him over from Poland the week before the trial is set to begin.

The Plaintiff's objections are well taken. Chojecki could have been noticed under international law and his deposition taken in Poland during the discovery period. While Chojecki should not be allowed to testify without the Defendant having the opportunity to depose him, that is a decision reserved for the District Court.

The Defendants also request an extension of the trial date, up to six (6) months, to notice and depose Chojecki. No such extension of time is warranted and the Motion is due to be denied.

However, the Court will allow the Defendants PZL and Sikorsky the opportunity to depose Chojecki outside of the discovery period as long as the notices comply with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters or otherwise in compliance with Polish and/or international law.

Accordingly, it is now

**ORDERED:**

(1) The Defendant PZL's Motion to Compel the Deposition of Skytruck's Project Director for Poland and Alternative Motion to Extend Trial Deadlines (Doc. #181) is **GRANTED in part and DENIED in part**.

- The Defendant PZL's Motion to Compel the Deposition of Janusz Chojecki is **DENIED**.

- The Defendant PZL's Motion to Enlarge the Trial Deadline by six (6) months is **DENIED.**

- The Defendant PZL's Motion to Take the Deposition of Janusz Chojecki outside of the discovery period is **GRANTED.** The Defendant should Notice the deposition under the terms and conditions of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, international law, or the laws of Poland and schedule and complete the deposition on or before **December 31, 2011**.

(2) The Defendant Sikorsky Aircraft Corporation's (Sikorsky) Motion to Compel the Deposition of the Plaintiff's Project Director for Poland (Doc. # 182) is **DENIED**.

- The Defendant Sikorsky's Motion to Take the Deposition of Janusz Chojecki outside of the discovery period is **GRANTED.** The Defendant Sikorsky should Notice the deposition under the terms and conditions of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, international law, or the laws of Poland and schedule and complete the deposition on or before **December 31, 2011**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of September, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record